**Kenneth L. FOX, Plaintiff,**

v.

**Chosen Sung LEE, et al., Defendants.**

**No. CIV.A. 00–2196.**

United States District Court,
E.D. Pennsylvania.

June 8, 2000.

---

**574**

Kenneth L. Fox, Philadelphia, PA, for Plaintiffs.

A. Taylor Williams, Administrative Office of PA, Philadelphia, PA, for Defendants.

### *MEMORANDUM AND ORDER*

KATZ, Senior District Judge.

Plaintiff Kenneth L. Fox brings an action against against Chosen Sung Lee, Byung Lee, and State Farm Mutual Automobile Insurance Company, alleging various state law claims against the Lees and State Farm, RICO claims against State Farm, and a section 1983 claim against District Justice John T. Sachaczenski. Now before the court is the district justice's motion to dismiss the plaintiff's complaint.[1]

*Background*[2]

Sachaczenski, a District Justice of Pennsylvania Magisterial District No. 38–1–13, presided over an action that the plaintiff

---

**1.** The Lees and State Farm have not joined in the instant motion to dismiss.

**2.** For purposes of this motion, all factual allegations in the plaintiff's complaint are taken as true. *See, e.g. Avellino v. Herron,* 991 F.Supp. 722, 725 (E.D.Pa.1997).

brought against the Lees and State Farm. Although the plaintiff personally delivered his complaint to the clerk on March 6, 2000, exactly two years after the accident that was the basis for his suit, court documents indicated that the complaint was filed on March 8, 2000. At a hearing before District Justice Sachaczenksi, the Lees and State Farm orally moved to dismiss the complaint based on the statute of limitations. Ruling from the bench, and despite plaintiff's protestations that the complaint had been filed before the statute of limitations expired,[3] the district justice dismissed the action without prejudice. The plaintiff's attempt to appeal this decision to the Court of Common Pleas was frustrated when the prothonotary's office refused to accept the plaintiff's appeal papers because the district justice's decision was a dismissal without prejudice rather than a judgment. Plaintiff then brought a section 1983 claim in this court against District Justice Sachaczenski seeking monetary and injunctive relief, as well as attorney's fees.

*Discussion*

The district justice moved to dismiss the complaint on the following grounds: the defendant is protected by Eleventh Amendment immunity; the defendant is not a "person" within the meaning of section 1983; the defendant is protected by absolute judicial immunity; section 1983 bars injunctive relief against the defendant; and the court lacks subject matter jurisdiction under *Rooker–Feldman.* Each ground advanced by the defendant provides an independent basis for dismissal.

■ The Eleventh Amendment bars the plaintiff's suit against District Justice Sachaczenski in his official capacity. *See, e.g. Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The district justice, in his official capacity, is also not a "person" for the purposes of section 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that an official capacity suit against a state officer is a suit against the office and therefore no different from a suit against the state itself).

■ Alternatively, the plaintiff's claims for monetary relief against the district justice, in both his official and individual capacities, are absolutely barred by the doctrine of judicial immunity. "The Supreme Court long has recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts." *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 767 (3d Cir.2000) (citations omitted). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). While the doctrine of judicial immunity applies equally to judges of courts of limited jurisdiction and judges of courts of general jurisdiction, *see Figueroa v. Blackburn,* 208 F.3d 435, 440–43 (3d Cir.2000), judicial immunity does not apply to nonjudicial actions or to actions, though judicial in nature, that are taken in the complete absence of jurisdiction. *See Gallas,* 211 F.3d 760, 768. All the acts allegedly committed by District Justice Sachaczenski were judicial actions that were well within the court's jurisdiction, and were not administrative actions, as the plaintiff contends. Accordingly, judicial immunity bars the plaintiff's claim against District Justice Sachaczenski for monetary relief.

■ Section 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff's

---

**3.** The plaintiff was subsequently told by the clerk that the "date filed" on the documents, in this case March 8, 2000, was the date court papers were entered into the computer, rather than the date the clerk physically received the papers.

complaint does not allege that either of these prerequisites to injunctive relief were met, and therefore his claim for injunctive relief is dismissed as well. *See Montero v. Travis,* 171 F.3d 757, 761 (2d Cir.1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Ackermann v. Doyle,* 43 F.Supp.2d 265, 273 (E.D.N.Y.1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable); *Reilly v. Weiss,* No. 97–CV–05883, 1998 WL 1110695, at *1 n. 3 (D.N.J. June 15, 1998) (same).

In the alternative, plaintiff's claims are barred by *Rooker–Feldman.* "The *Rooker–Feldman* doctrine provides that federal district courts lack subject matter jurisdiction to review final adjudications ... [of a state court] or to evaluate constitutional claims that are inextricably intertwined with the state court's decision in a judicial proceeding." *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996) (citation, punctuation omitted); *see also District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483–84 n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 ("If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's [decision] in a judicial proceeding ..., then the district court is in essence being called upon to review the state-court decision."). This doctrine was traditionally held to apply only to decisions of a state's highest court: the Third Circuit, however, has interpreted the doctrine to include final decisions of lower state courts. *See FOCUS,* 75 F.3d at 840; *cf. Popowsky v. Pennsylvania Pub. Util. Comm'n,* 166 Pa. Cmwlth. 690, 647 A.2d 302, 305 (1994) (holding that a judgment or order from the commission is final if it ends the litigation, disposes of the case, or "effectively puts the litigant out of court.").

 *Rooker–Feldman* only applies when the federal court must determine that the state court judgment was erroneous or when the federal court must take action that would render the state court's judgment ineffective in order to grant the relief sought. *See id.* In this case, in order to grant the plaintiff the monetary or equitable relief he seeks against District Justice Sachaczenski, the court would have to determine that the district justice's dismissal of the plaintiff's state court action was in error. "This the district court may not do." *Feldman,* 460 U.S. at 484 n. 16, 103 S.Ct. 1303. Accordingly, the court also lacks subject matter jurisdiction over the above-captioned action.

*Conclusion*

The complaint against the district justice is dismissed.